IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| KAREN MUNOZ and LUGO MUNOZ, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | NO. 3:22-cv-00999 |
| v. | ) | |
| | ) | JUDGE RICHARDSON |
| RARE HOSPITALITY | ) | |
| INTERNATIONAL INC. d/b/a | ) | |
| LONGHORN STEAKHOUSE, | ) | |
| | ) | |
| Defendant. | | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Pending before the Court[1] is a report and recommendation of the Magistrate Judge (Doc. No. 35, "R&R"), wherein the Magistrate Judge recommends that this Court grant in part the "Motion to Dismiss for Failure to Prosecute or in the Alternative Motion for Discovery Sanctions" (Doc. No. 33, "Motion") filed by Defendant Rare Hospitality International, Inc. d/b/a Longhorn Steakhouse ("Longhorn") and dismiss this action without prejudice.

Plaintiffs Karen Munoz and Lugo Munoz, (collectively, "Plaintiffs" or the "Munozes"), who are now proceeding *pro se* (as discussed below), have filed objections to the R&R. (Doc. No. 37, "Objections").[2] For context, it is worth noting that the Objections—though bearing the signature of each of the Plaintiffs—are written in the first person, apparently by Plaintiff Karen Munoz. Defendant responded to the Objections. (Doc. No. 38, "Response"). But Defendant did

---

[1] Herein, "the Court" refers to the undersigned District Judge, as opposed to the Magistrate Judge who authored the R&R.

[2] Herein, a given use of the term "Objections" may refer to the document (Doc. No. 37) itself, to the purported objections contained therein (i.e., the "objections" to the R&R contained within the "Objections"), or both.

not file any objection(s) of its own, including to the recommendation that the dismissal be without prejudice.

The Court resolves the Objections (and thus the Motion) based on the parties' submissions and without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated herein, the Court overrules the Objections, adopts the recommendations of the Magistrate Judge in the R&R, grants in part Defendants' Motion, and dismisses the action, without prejudice.

BACKGROUND

Plaintiffs do not dispute any of the facts (regarding the procedural history and underlying circumstances of this case) set forth by the Magistrate Judge in the R&R. As such, the Court adopts that factual background in its entirety and includes it here for reference:

> This case arises out of Karen Munoz's trip and fall on a wet floor at a Longhorn Steakhouse restaurant in Brentwood, Tennessee, owned by Rare Hospitality. (Doc. No. 1-1.) The Munozes initiated this action in the Circuit Court for Davidson County, alleging negligence claims against Rare Hospitality and seeking $300,000.00 in compensatory damages for Karen Munoz and $50,000.00 in loss of consortium damages for Lugo Munoz. (Id.). Rare Hospitality removed the action to this Court, invoking the Court's federal diversity subject-matter jurisdiction (Doc. No. 1), and filed an answer to the Munozes' complaint (Doc. No. 5).
>
> Counsel for the Munozes appeared in this case (Doc. Nos. 8, 10), the Court held an initial case management conference and entered a case management order (Doc. No. 11), and the parties began discovery (Doc. No. 19).
>
> On August 2, 2023, counsel for the Munozes moved to withdraw from representation. (Doc. Nos. 16–17-2.) The Court granted counsel's motion to withdraw, temporarily stayed the action to allow the Munozes the opportunity to find new representation or proceed pro se, directed the Munozes to file a notice of the status of their representation no later than September 5, 2023, and set a telephone conference for September 13, 2023, to address any needed amendments to the initial case management order. (Doc. No. 20.)
>
> The Munozes did not appear for the September 13, 2023 telephone conference and did not file a notice regarding their representation status by September 5, 2023. (Doc. No. 21.) The Court therefore ordered the Munozes to show cause by September 27, 2023, why this case should not be dismissed under

Rule 41(b) for their failure to prosecute their claims and to comply with the Court's orders. (Id.) A month later, on October 12, 2023, the Court found that the Munozes had not responded to the Court's show-cause order and, "[i]n light of [their] presumed pro se status," afforded them a "final opportunity to show cause why the Court should not dismiss their claims against Rare Hospitality and why it should allow them to file an untimely notice stating the status of their representation." (Doc. No. 22, PageID# 143.) The Court ordered the Munozes to show cause by October 26, 2023. (Doc. No. 22.)

On October 26, 2023, Karen Munoz filed a response to the Court's second show-cause order. (Doc. No. 23.) In her response, Karen Munoz stated generally that she and her husband Luis Munoz had not been able to comply with the Court's prior orders because of health concerns and family issues. (Id.) Karen Munoz asked the Court to stay this action indefinitely and stated that she and her husband "ha[d] found new legal [counsel] and ask[ed] that they be granted enough time for discovery." (Id. at PageID# 147.)

On October 30, 2023, the Court entered an order stating as follows: The Court has already stayed this matter to allow the Munozes time to find new representation (Doc. No. 20), and it will not stay this matter indefinitely as Munoz requests. It will, however, afford the new counsel Munoz states she has retained an opportunity to enter an appearance in the case and to meet with counsel for [ ] Rare Hospitality . . . , to set an amended litigation calendar. (Doc. No. 24, PageID# 149.)

The Court therefore ordered that: Counsel for [the Munozes] shall enter an appearance by no later than November 13, 2023. If counsel has not entered an appearance by that date, the Court will assume that Karen Munoz and Luis Munoz are representing themselves in this action.

By no later than November 27, 2023, the parties shall file a joint proposed amended case management order setting revised deadline for the remainder of the litigation. If no counsel has appeared for the Munozes, they shall meet with [Rare Hospitality's] counsel to discuss the proposed amended calendar. [Rare Hospitality's] counsel shall schedule the meeting and file the proposed amended calendar with the Court.

Karen Munoz and Luis Munoz are warned that failure to meet these deadlines may result in a recommendation that this case be dismissed for failure to prosecute their claims. (Id. at PageID# 150.)

No attorney has entered an appearance on behalf of the Munozes since the entry of the Court's order.

The Court entered an amended case management order setting deadlines for the parties to amend pleadings, engage in discovery, and file dispositive motions (Doc. No. 28.) Relevant here, that order set January 8, 2025, as the deadline for the

> filing of dispositive motions and provided that any "[r]esponses to dispositive motions shall be filed within 28 days after the filing of the motion." (Id. at PageID# 172.)
>
> Rare Hospitality filed a motion to compel production of discovery responses (Doc. No. 30), and the Court set a telephone conference regarding the motion (Doc. No. 31). Counsel for Rare Hospitality appeared for the conference but the Munozes did not. (Doc. No. 32.) The Court found that the Munozes had not filed a timely response to the motion to compel and therefore granted the motion as unopposed and ordered the Munozes to provide full responses to all outstanding discovery by May 28, 2024. (Id.) The Court also warned the Munozes that "failure to provide discovery responses as ordered and failure to appear for scheduled conferences may result in a recommendation that this matter be dismissed for their failure to prosecute their claims." (Id. at PageID# 192.)
>
> On June 6, 2024, Rare Hospitality moved to dismiss the Munozes' claims against it under Rule 41(b) "with prejudice" for the Munozes' failure to prosecute. (Doc. No. 33, PageID# 193.) Rare Hospitality argues that this action is subject to dismissal because of the Munozes' dilatory conduct; it has been prejudiced by this action remaining pending for nearly three years; the Court has warned the Munozes on four occasions that their failure to prosecute this action and appear at scheduled telephone conferences would result in dismissal of their claims; and the Court has previously considered lesser sanctions than dismissal. (Doc. No. 33-1.) Rare Hospitality argues in the alternative that, if the Court denies its motion to dismiss, the Court should award discovery sanctions under Rule 37 and preclude the Munozes from introducing into evidence any information that is responsive to Rare Hospitality's outstanding discovery requests and that were not produced. (Id.) The Munozes have not filed a response in opposition to Rare Hospitality's motion.

(R&R at 2-5). The Magistrate Judge evaluated Defendant's arguments in determining whether dismissal of this action is warranted under Rule 41(b) and applied the relevant facts to the four factors governing a potential Rule 41(b) dismissal. The Magistrate Judge determined that the record showed repeated delay by the Munozes and a failure to comply with this Court's numerous orders. In her analysis, the Magistrate Judge concluded that the Motion should be granted in part and that Plaintiffs' claims should be dismissed, without prejudice, under Rule 41(b) for their failure to prosecute. Notably, having recommended that the dismissal be without prejudice rather than with prejudice, the Magistrate Judge effectively recommended that the Motion be denied in part, i.e., denied insofar as it requested that the dismissal be *with* prejudice.

## LEGAL STANDARD

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district judge must review *de novo* any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommended disposition, review further evidence, or return the matter to the magistrate judge with instructions. *Id.* Fed. R. Civ. P. 72(b)(2) provides that a party may file "specific written objections" to a report and recommendation, and Local Rule 72.02(a) provides that such objections must be written and must state with particularity the specific portions of the Magistrate Judge's report or proposed findings or recommendations to which an objection is made. "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object. Moreover, an objection that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context*." Frias v. Frias*, No. 2:18-cv-00076, 2019 WL 549506, at *2 (M.D. Tenn. Feb. 12, 2019) (internal citations and quotation marks omitted).

The failure to object to a report and recommendation releases the Court from its duty to independently review the matter. *Frias*; *Hart v. Bee Property Mgmt.*, No. 18-cv-11851, 2019 WL 1242372, at * 1 (E.D. Mich. March 18, 2019) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). This Court is not required to review, under a *de novo* or any other standard, those aspects of the report and recommendation to Plaintiff does not make an objection. *Ashraf v. Adventist Health System/Sunbelt, Inc.*, 322 F. Supp. 3d 879, 881 (W.D. Tenn. 2018); *Benson v. Walden Security*, No. 3:18-cv-0010, 2018.

ANALYSIS

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(3), the Court has reviewed the R&R, the Objections, and the Response. Below, the Court conducts a *de novo* analysis of the portion of the R&R challenged by the Objections. The R&R recommends that the Court grant Defendant's Motion in part (by granting Defendant's request to dismiss this case) and effectively deny it in part (by declaring such dismissal one without prejudice rather than with prejudice). The Court has reviewed the Magistrate Judge's analysis and conclusions in the R&R, as well as other relevant parts of the record, to assess *de novo* the Magistrate Judge's recommendations in the parts of the R&R implicated by Plaintiffs' Objections.

In their Objections, Plaintiffs primarily assert bald legal conclusions and remind the Court of Plaintiffs' *pro se* status. More specifically, Plaintiffs do five things: 1) contend that Defendant Longhorn was at fault for Karen Munoz's injury; 2) contend that Defendant's counsel "used prejudice towards" Karen Munoz while she was "under the care of medical professionals"; 3) remind the Court that Karen Munoz (like Lugo Munoz, as it happens) is proceeding *pro se* and request Court-appointed representation for her (and also, one infers, for Lugo Munoz); 4) request the Court to stay the case and compel mediation between the parties; and 5) complain that Defendant "did not offer to pay anything" despite (allegedly) failing to keep Karen Munoz safe. (Objections at 1-2). Via their Response, Defendant argues that nothing that Plaintiffs do in their Objections is specific or germane to points made in the R&R, (Response at 3), i.e., that the Objections are in no respect directed to specific portions of the R&R. Therefore, Defendant argues, Plaintiffs' Objections do not comply with the requirement for filing objections under Fed. R. Civ. P. 72. The Court agrees.

To begin with, it is not clear which part of the R&R Plaintiffs purport to refute via their second contention above. Further, even if this contention were deemed to be directed at some portion of the R&R, Plaintiffs point to no evidence (or otherwise support the contention) that Defendant "used" (or acted with, or displayed) prejudice towards Karen (or for that matter Lugo) Munoz—whether while Karen Munoz was under medical care or otherwise. As to the third and fourth of the above-listed things attempted by Plaintiffs in their Objections, the proper avenue to request court-appointed representation or a stay of a case is not within Objections to a Magistrate Judge's report and recommendation that does not even implicate any such request; instead, the proper avenue is by filing a motion making such requests on a timely basis, which is something Plaintiffs never did. And as for the fifth and final one, whether or not Defendant offered to pay Plaintiffs anything is not relevant to the Motion and is not addressed in, or implicated by, the R&R in any way.

That leaves Plaintiffs' first contention listed above. A generous construction of that contention is that it is an assertion of Defendant's liability for their injuries. As noted, this is a legal conclusion, and Plaintiffs do not introduce any new evidence or arguments on this point. More importantly, whether Defendant should be liable is irrelevant to the Motion or to the analysis and conclusions in the R&R, which posit that the case should be dismissed for failure to prosecute, *irrespective of whether Defendant could or should be held liable in a timely prosecuted case.*

To the extent that Plaintiffs' objections are non-specific, the Court need not consider or resolve them. Furthermore, the Court need not root through the record to find facts that would support Plaintiffs' positions. *See U.S. v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) (noting that "[j]udges are not like pigs, hunting for truffles" in the record that might support a party's position). Moreover, Plaintiffs fail to provide any legal argument or point to *any* case suggesting that the

R&R should not be adopted. True, Plaintiffs are proceeding *pro se* and are not expected to write the way attorneys would or include all the metaphorical bells and whistles an attorney might include in a filed document. But they still need to explain why, under the applicable *law*, the Court should come out differently from the Magistrate Judge. The Court gathers that Plaintiffs contend that they have been wronged. The Court does not begrudge Plaintiffs their contention in this regard, but Plaintiffs' positions, such as they are, are simply not responsive to the bases set forth in the R&R to dismiss their claims.

For all of these reasons, Plaintiffs' Objections will be overruled as being entirely non-responsive to the R&R and thus leaving no part of the R&R subject to review. The Court further notes that it sees no reason why the R&R would not have survived a *de novo* review of any part of it to which specific objection had been made.

After having determined that dismissal is proper, the Magistrate Judge decided whether dismissal with or without prejudice is the appropriate remedy. The Magistrate Judge decided (in Plaintiffs' favor) that dismissal without prejudice was the appropriate remedy and recommended accordingly. No one has objected to that aspect of the R&R.

In summary, the Court approves the R&R, meaning that the Motion will be granted and this action will be dismissed without prejudice under Rule 41(b) for failure to prosecute.

## CONCLUSION

For the reasons discussed herein, Plaintiffs' Objections (Doc. No. 37) are overruled, and the Court adopts the Magistrate Judge's R&R (Doc. No. 35). Accordingly, Defendant's "Motion to Dismiss for Failure to Prosecute or in the Alternative Motion for Discovery Sanctions" (Doc. No. 33) is GRANTED in part and DENIED in part, and this action is DISMISSED, albeit WITHOUT PREJUDICE rather than with prejudice.

The Clerk is DIRECTED to enter judgment pursuant to Fed. R. Civ. P. 58 and close the file.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE